IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCUS D. WRIGHT,           )
AIS # 171646,               )
                            )
        Plaintiff,          )
                            )
    v.                      )       CASE NO. 2:26-CV-454-WKW
                            )               [WO]
BLAKE TURMAN and            )
PHILIP OSBORNE,             )
                            )
        Defendants.         )

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff Marcus D. Wright, an inmate proceeding *pro se*, filed a 42 U.S.C. § 1983 complaint against two Defendants: Sheriff Blake Turman and Assistant Jailer Philip Osborne.  (Doc. # 1.)  The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  After review, Plaintiff's complaint contains pleading deficiencies that must be remedied before this action can proceed.

### II. STANDARD OF REVIEW

Plaintiff, a prisoner, is proceeding *in forma pauperis* (IFP).  (Doc. # 4.)  Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review.  The complaint also is subject to screening under § 1915A.  Sections 1915 and 1915A require the court to dismiss a complaint, or any part of it, on its own

initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[1]

A complaint (or any portion thereof) must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii); § 1915A(b)(1). This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Hence, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations must present a "plain statement possessing enough heft

---

[1] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical). Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Additionally, a complaint (or any portion thereof) is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). A claim lacks an arguable basis in law when it relies on "an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Such claims include those where "it is clear that the defendants are immune from suit" and claims alleging infringement of a legal interest that "clearly does not exist." *Id.* (citation omitted).

*Pro se* pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the allegations still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 557. The court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

## III.  THE COMPLAINT'S ALLEGATIONS

Plaintiff alleges that on June 19, 2025, while housed at the Covington County Jail, Assistant Jailor Philip Osborne placed him in handcuffs without any explanation.  Plaintiff further alleges that Osborne then removed him and two other inmates from the cell and sprayed Plaintiff with mace while he remained handcuffed. Plaintiff asserts that he suffered burn wounds and marks on his face, neck, and head, which he contends are corroborated by video footage and a medical body chart documenting his injuries.  (Doc. # 1 at 3; Doc. # 1-1 at 1.)  Plaintiff also alleges Osborne refused to obtain proper medical treatment or allow him to see a medical provider.  (Doc. # 1-1 at 4.)  In addition, he alleges that Osborne "let [him] take a shower while [he] had very serious burns to [his] body."  (Doc. # 1 at 3.)

Plaintiff alleges Sheriff Turman violated his "right to safety" by failing to protect him from the use of excessive force by jail personnel.  (Doc. # 1-1 at 4.)  He further alleges that Sheriff Turman failed to properly train Osborne.  (Doc. # 1-1 at 4.)

Plaintiff requests that Sheriff Turman and Osborne "be held accountable for the pain, suffering, and injuries [he] sustained while in their custody at the Covington County Jail."  (Doc. # 1 at 4.)  He also seeks punitive damages from Defendants "in the sum of no less tha[n] (5) million dollars."  (Doc. # 1-1 at 5.)  Plaintiff states that he is suing Defendants in their individual capacities.  (Doc. # 1-1 at 3.)

4

## IV.  DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements.  First, he must allege a violation of a right protected by federal laws, and second, he must allege that the violation was committed by a person acting under color of law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

Plaintiff claims that his Eighth Amendment rights were violated while he was a pretrial detainee at the Covington County Jail in June 2025.[2]  Specifically, he claims that Defendants subjected him to cruel and unusual punishment and excessive force (Doc. # 1 at 2–3) and that they displayed deliberate indifference to his serious medical needs (Doc. # 1-1 at 2).

---

[2] As a former pretrial detainee, Plaintiff's rights at the time of his detainment in the Covington County Jail were protected by the Fourteenth Amendment rather than the Eighth Amendment. *Compare Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (Eighth Amendment deliberate-indifference claim brought by a convicted prisoner) *with Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007) (Fourteenth Amendment deliberate-indifference claim brought by a pretrial detainee) *and Ireland v. Prummell*, 53 F.4th 1274, 1296 (11th Cir. 2022) (Fourteenth Amendment excessive-force claim brought by a pretrial detainee).

## A.  Official-Capacity Claims Against Sheriff Turman and Assistant Jailer Osborne

Plaintiff expressly states that he sues Sheriff Turman and Osborne "in their individual capacity." (Doc. # 1-1 at 3.)  However, the complaint is not entirely clear as to whether Plaintiff also intends to assert claims against either Defendant in an official capacity.  Although the complaint identifies Defendants by their governmental titles and lists the Covington County Jail's address (Doc. # 1 at 2–4), it does not expressly plead official-capacity claims or request injunctive or declaratory relief.  Out of an abundance of caution, any potential official-capacity claims for monetary damages will be addressed.

### 1.  *Official-Capacity Claims for Monetary Damages Against Sheriff Turman*

The Eleventh Amendment bars citizens of a state from bringing suit against that state unless the state has expressly waived Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 100 (1984), or Congress has abrogated the immunity, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996).  "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abrogated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (per curiam) (citing *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990)).  Eleventh Amendment immunity extends to state officials in their official capacities in cases where, for all practical purposes, "the state is the real,

6

substantial party in interest." *Carr*, 916 F.2d at 1524 (quoting *Halderman*, 465 U.S. at 101). "[T]he state is considered the real party in interest" when, for example, an award of damages against the named defendant would be paid by the state. *Cobb v. Marshall*, 481 F. Supp. 2d 1248, 1257–58 (M.D. Ala. 2007) (quoting *Carr*, 916 F.2d at 1524).

The Supreme Court of Alabama has held that a county sheriff is an executive officer of the state of Alabama. *See Parker v. Amerson*, 519 So. 2d 442, 442–43 (Ala. 1987). "[B]ecause sheriffs are deemed 'executive officers of the state [of Alabama],' lawsuits against sheriffs in their official capacities are, in essence, lawsuits against the state." *Adams v. Franklin*, 111 F. Supp. 2d 1255, 1262 (M.D. Ala. 2000) (quoting *Carr*, 916 F.2d at 1525). Sheriff Turman is, therefore, a state official who enjoys Eleventh Amendment immunity for claims brought against him in his official capacity for monetary damages. Accordingly, Plaintiff's claims against Sheriff Turman in his official capacity for monetary damages must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1)–(2).

**2.   *Official-Capacity Claims for Monetary Damages Against Assistant Jailer Osborne***

As an assistant jailer, Osborne likewise is entitled to Eleventh Amendment immunity with respect to claims brought against him in his official capacity for monetary damages. Pursuant to § 14-6-1 of the Alabama Code,

[t]he sheriff has the legal custody and charge of the jail in his or her county and all prisoners committed thereto, except in cases otherwise provided by law. The sheriff may employ persons to carry out his or her duty to operate the jail and supervise the inmates housed therein for whose acts he or she is civilly responsible. Persons so employed by the sheriff shall be acting for and under the direction and supervision of the sheriff and shall be entitled to the same immunities and legal protections granted to the sheriff under the general laws and the Constitution of Alabama of 2022, as long as such conduct is deemed conduct performed within a law enforcement officer's discretionary authority as defined in Section 6-5-338.1.

Ala. Code § 14-6-1 (eff. Oct. 1, 2025).

The complaint alleges that Plaintiff's injuries occurred while he was detained at the Covington County Jail and that, at the relevant time, Osborne served as an assistant jailer at that facility. Accordingly, Osborne enjoys the same protections as Sheriff Turman, and Plaintiff's claims against Osborne in his official capacity for monetary damages must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1)–(2).

**B.     Individual-Capacity Claims Against Sheriff Turman**

In their current form, Plaintiff's claims against Sheriff Turman in his individual capacity fail because Plaintiff has not alleged sufficient facts against Sheriff Turman "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Section 1983 imposes liability on supervisory officials only where "they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully

8

yet fail to stop them." *Rendon v. Fulton Cnty. Sheriff*, 808 F. App'x 961, 962 (11th Cir. 2020) (per curiam) (citing *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010)). Supervisory liability cannot rest on respondeat superior or vicarious liability. *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1297 (11th Cir. 2023). Therefore, in addition to alleging a constitutional violation, the complaint also must establish Sheriff Turman's responsibility for that violation under a theory of supervisory liability.

The complaint's allegations, accepted as true and considered in the light most favorable to Plaintiff, do not demonstrate that Sheriff Turman personally participated in, directed, or knowingly acquiesced in the conduct at issue. Plaintiff also has not sufficiently alleged any causal connection between Sheriff Turman and Osborne's allegedly unconstitutional conduct. Plaintiff states, in conclusory fashion, that Sheriff Turman "fail[ed] to properly train jailor [Osborne]." (Doc. # 1-1 at 4.) However, a sheriff is not deliberately indifferent simply because providing additional training might have better addressed an inmate's particular needs. *See Williams v. Limestone Cnty.*, 198 F. App'x 893, 896 (11th Cir. 2006) (per curiam) ("The causal connection may be proven by showing the official . . . established a policy or custom that resulted in the constitutional deprivation . . . . A failure to adequately train subordinates 'constitutes an actionable policy or custom for § 1983 purposes only where the failure to train amounts to deliberate indifference to the rights of persons

9

with whom the [subordinates] come into contact.'" (quoting *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1116 (11th Cir. 2005))). Accordingly, Plaintiff's supervisory-liability claims against Sheriff Turman do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Therefore, they fail to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**C.**     **Individual-Capacity Claims Against Philip Osborne**

As for Plaintiff's claims against Osborne in his individual capacity, those claims survive screening and can proceed.

**D.**     **Amendment to the Complaint**

Notwithstanding the pleading deficiencies in the complaint and in light of Plaintiff's *pro se* status, he will be given an opportunity to amend his complaint. "[B]efore dismissing a complaint, a district court 'must' give a pro se party 'at least' one chance to amend the complaint if a more carefully drafted complaint might state a claim." *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) (citation omitted).

## V. CONCLUSION

Based on the pleading deficiencies identified above, it is ORDERED that Plaintiff must file an amended complaint on or before **September 1, 2026**. The amended complaint must:

1. Include only those Defendants he contends are personally responsible for alleged constitutional violations;

2. Specify the actions or omissions of <u>each Defendant</u> that allegedly led to violations of his constitutional rights;

3. Detail when and where these violations occurred;

4. Describe how the acts or omissions of <u>each Defendant</u> harmed him;

5. Identify any causal connection between any supervisory Defendant and the alleged unconstitutional conduct of his or her subordinates; and

6. Clearly state the specific relief sought (*i.e.*, monetary, injunctive, declaratory).

The amended complaint must provide "a short and plain statement" of each claim so as to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff's stated grounds for relief must go beyond mere "labels and conclusions" and provide a factual basis for each claim. *Twombly*, 550 U.S. at 555.

To assist Plaintiff, the Clerk of Court is directed to provide a copy of the form used by prisoners to file 42 U.S.C. § 1983 actions. **Plaintiff must use the form in filing his amended complaint.** The amended complaint will replace the original complaint, and this action will proceed only with Defendants named and the claims presented in the amended complaint.

11

The amended complaint also will undergo screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. If it states potential claims for relief, an Order regarding service of process will be entered.

Plaintiff is expressly CAUTIONED that a failure to comply with the terms of this Memorandum Opinion and Order will result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 11th day of August, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE