IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS D. WRIGHT, AIS # 171646, Plaintiff, | ) | |
| v. | ) | CASE NO. 2:26-CV-454-WKW [WO] |
| BLAKE TURMAN, *et al.* Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

Plaintiff Marcus D. Wright, an inmate proceeding *pro se*, filed a 42 U.S.C. § 1983 complaint against two Defendants: Sheriff Blake Turman and Assistant Jailer Philip Osborne. (Doc. # 1.) By Memorandum Opinion and Order dated August 11, 2026, Plaintiff was directed to amend his complaint. (Doc. # 10 ("August 11 Mem. Op. & Order").) The amended complaint (Doc. # 11) is before the court for screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. After review, this action will proceed against Jailer Osborne; Plaintiff's claim against Sheriff Turman will be dismissed without prejudice; and Plaintiff will be afforded one last opportunity to amend his complaint with respect to the two correctional officers named in the body of the amended complaint, Tanisha Bedgood and Serenity Hines, who will be added as Defendants.

## II. STANDARD OF REVIEW

Plaintiff, a prisoner, is proceeding *in forma pauperis* (IFP). (Doc. # 4.) Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review. The complaint also is subject to screening under § 1915A. Sections 1915 and 1915A require the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[1]

A complaint (or any portion thereof) must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii); § 1915A(b)(1). This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Hence, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

[1] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical). Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations must present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Additionally, a complaint (or any portion thereof) is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). A claim lacks an arguable basis in law when it relies on "an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Such claims include those where "it is clear that the defendants are immune from suit" and claims alleging infringement of a legal interest that "clearly does not exist." *Id.* (citation omitted).

*Pro se* pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the allegations still "must be enough to raise a right to relief above the speculative level."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The court cannot "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted).

## III. THE AMENDED COMPLAINT'S ALLEGATIONS

Plaintiff alleges that on June 19, 2025, while he was detained at the Covington County Jail, Assistant Jailer Philip Osborne placed him in handcuffs without any explanation. Osborne then removed Plaintiff and two other inmates from the cell and sprayed Plaintiff with mace while he remained handcuffed. Two correctional officers, Tanisha Bedgood and Serenity Hines, "witnessed the ordeal." Osborne "refused to get the infirmary involved or seek medical attention" for Plaintiff. (Doc. # 11 at 5.)

As a result of the incident with Osborne, Plaintiff suffered chemical burns on his face, neck, and head, and he says, "see dept camera," presumably indicating that there is video footage to corroborate this injury. He says he also suffers from "skin irritation" due to the "severe burn" and says, "see medical record(s) after many complaints," but then says, "no medical treatment." (Doc. # 11 at 5.)

With respect to Sheriff Turman, Plaintiff alleges that Sheriff Turman "was notified" but "allow[ed] the same attacks on inmates [to] go on." (Doc. # 11 at 4.)

He alleges that Sheriff Turman "never invested his time in aiding [Plaintiff]" and that Sheriff Turman "was aware of [Plaintiff's] pain and suffering." (Doc. # 11 at 5.)

As relief, Plaintiff seeks $5 million for pain, suffering, and mental anguish due to his recurring "skin disorder" and his flashbacks, blackouts, and mental confusion whenever he sees a law enforcement badge. (Doc. # 11 at 5.)

## IV. DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements. First, he must allege a violation of a right protected by federal laws, and second, he must allege that the violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

Plaintiff asserts claims for violations of his Fourteenth Amendment rights while he was a pretrial detainee at the Covington County Jail in June 2025.[2] Liberally

[2] Because Plaintiff's allegations concern incidents that occurred while he was a pretrial detainee, his rights at that time were protected by the Fourteenth Amendment rather than the Eighth Amendment. *Compare Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (Eighth

construed, Plaintiff's amended complaint alleges excessive-force, cruel-and-unusual-punishment, and deliberate-indifference claims against Osborne; a supervisory-liability claim against Sheriff Turman; and failure-to-intervene claims against Bedgood and Hines.

## A. <u>Claims Against Assistant Jailer Philip Osborne</u>

As recognized in the August 11 Mem. Op. & Order directing Plaintiff to amend his complaint, Plaintiff's claims against Osborne in his individual capacity survive screening. (Doc. # 10 at 10.) Service will be ordered as to this Defendant.

## B. <u>Supervisory-Liability Claim Against Sheriff Turman</u>

Plaintiff's supervisory-liability claim against Sheriff Turman in his individual capacity fails because, despite being given an opportunity to amend the complaint, Plaintiff still has not alleged sufficient facts against Sheriff Turman "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"[T]he standard by which a supervisor is held liable in [his or] her individual capacity for the actions of a subordinate is extremely rigorous." *Christmas v. Harris Cnty.*, 51 F.4th 1348, 1355 (11th Cir. 2022) (citation omitted). Supervisory liability

---

Amendment deliberate-indifference claim brought by a convicted prisoner), *with Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (Fourteenth Amendment deliberate-indifference claim brought by a pretrial detainee), *and Ireland v. Prummell*, 53 F.4th 1274, 1296 (11th Cir. 2022) (Fourteenth Amendment excessive-force claim brought by a pretrial detainee).

cannot rest on respondeat superior or vicarious liability. *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1297 (11th Cir. 2023). To hold a supervisor (*e.g.*, a sheriff) liable under § 1983, "a plaintiff must show that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1047–48 (11th Cir. 2014). Therefore, in addition to alleging a constitutional violation, the amended complaint also must credibly allege Sheriff Turman's responsibility for that violation under a theory of supervisory liability.

The amended complaint's allegations, accepted as true, do not demonstrate that Sheriff Turman personally participated in the conduct at issue. Accordingly, Plaintiff must allege a causal connection between Sheriff Turman's actions and Osborne's allegedly unconstitutional conduct. A causal connection between a sheriff's actions and his subordinate's conduct may be established when:

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.

*Myrick*, 69 F.4th at 1298 (citation omitted).

Plaintiff asserts, in conclusory fashion, that "the sheriff was notified and he allow[ed] the same attacks on inmates [to] go on" and that "many injuries, assaults,

rapes, and deaths go unintended [sic], under the color of law." (Doc. # 11 at 4.) Plaintiff also contends that "the Sheriff was notified and he never invested his time in aiding the Plaintiff" and that "Sheriff Turman was aware of [Plaintiff's] pain and suffering." (Doc. # 11 at 5.) Giving Plaintiff the benefit of the doubt, it appears he is trying to demonstrate a causal connection between Sheriff Turman's actions or inactions and Osborne's conduct by pointing to "a history of widespread abuse" that put Sheriff Turman "on notice of the need to correct the alleged deprivation." *Myrick*, 69 F.4th at 1298 (citation omitted). But "deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant[,] and of continued duration, rather than isolated occurrences." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (citation omitted). Plaintiff has not alleged deprivations amounting to widespread abuse. He has, at most, alleged a single, isolated occurrence involving himself, and made conclusory statements about other inmates being maced or injured at unspecified times.

Accordingly, Plaintiff's supervisory-liability claim against Sheriff Turman does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Therefore, Plaintiff's allegations against Sheriff Turman fail to state a claim and will be dismissed prior to service of process. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## C. Additional Claims Against Officers Tanisha Bedgood and Serenity Hines

Finally, Plaintiff contends that Officers Bedgood and Hines "witnessed the ordeal"—*i.e.*, Osborne allegedly spraying Plaintiff with mace while he was handcuffed—and says that "these should be amended to the complaint."[3] (Doc. # 11 at 5.)

The Eleventh Circuit long has recognized that "an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his [or her] nonfeasance." *Nute v. White*, 152 F.4th 1311, 1319 (11th Cir. 2025) (quoting *Velasquez v. City of Hialeah*, 484 F.3d 1340, 1341 (11th Cir. 2007) (per curiam)); *see also Helm v. Rainbow City*, 989 F.3d 1265, 1272 (11th Cir. 2021) ("The principle that an officer must intervene when he or she witnesses unconstitutional force has been clearly established in this Circuit for decades."). However, liability for failure to intervene "only arises when the officer is in a position to intervene and fails to do so." *Priester v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir. 2000).

Plaintiff has not alleged that Officers Bedgood and Hines were in a position to intervene but failed to do so. He simply alleges that Bedgood and Hines witnessed the incident between him and Osborne. (*See* Doc. # 11 at 5.) Without more,

[3] It is assumed that "these should be amended to the complaint" is Plaintiff's way of requesting that Bedgood and Hines be added to this action as Defendants based on their alleged failure to intervene in the incident between Plaintiff and Osborne.

Plaintiff's bare allegation that Bedgood and Hines "witnessed the ordeal" is insufficient for his failure-to-intervene claims to survive screening. Nevertheless, Plaintiff will be given an opportunity to amend his complaint with respect to these Defendants.

## V. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1) Plaintiff's 42 U.S.C. § 1983 claim against Sheriff Turman in his individual capacity is DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim. The Clerk of Court is DIRECTED to terminate Blake Turman as a party to this action.

(2) The Clerk of Court is DIRECTED to (a) send a copy of this Memorandum Opinion and Order to Plaintiff and (b) serve a copy of this Memorandum Opinion and Order, the summons, and the complaint (Doc. # 11) via certified mail on Assistant Jailer Philip Osborne at the address provided by Plaintiff.

It is Plaintiff's responsibility to provide the Clerk's Office with an accurate address for each Defendant. Without an accurate address, service of process cannot be perfected. It is also Plaintiff's responsibility to monitor proceedings and make sure that service has been completed. Except in very unusual circumstances, a person not properly served will not be deemed a party to this case.

If a service recipient will not accept service for a named Defendant, the service recipient is DIRECTED to so advise the court and provide the court with Defendant's last known address and phone number. This information may be filed with the Clerk of Court in response to this Memorandum Opinion and Order and may be filed under seal.

Defendant Osborne is ORDERED to answer or otherwise respond by motion, in accordance with Rule 12 of the Federal Rules of Civil Procedure, **within twenty-one (21) days** of being served.

(3) The Clerk of Court is DIRECTED to add Officer Tanisha Bedgood and Officer Serenity Hines as Defendants in this action.

(4) It is further ORDERED that, on or before **November 25, 2026**, Plaintiff must file a second amended complaint, supplementing his claims against Officers Bedgood and Hines. The second amended complaint must:

1. Specify the actions or omissions of Officers Bedgood and Hines that allegedly led to violations of his constitutional rights;

2. Detail when and where these violations occurred;

3. Describe how the acts or omissions of Officers Bedgood and Hines harmed him;

4. Clearly state the specific relief sought (*i.e.*, monetary, injunctive, declaratory); and

5. Provide a mailing address for these Defendants.

The second amended complaint must provide "a short and plain statement" of each claim so as to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff's stated grounds for relief must go beyond mere "labels and conclusions" and provide a factual basis for each claim. *Twombly*, 550 U.S. at 555.

To assist Plaintiff, the Clerk of Court is directed to provide a copy of the form used by prisoners to file 42 U.S.C. § 1983 actions: Pro Se 14 (Rev. 12/16), Complaint for Violation of Civil Rights (Prisoner). **Plaintiff must use the form in filing his second amended complaint.** The second amended complaint will supplement Plaintiff's claims against Officers Bedgood and Hines in his amended complaint and will not affect Plaintiff's remaining claim against Philip Osborne or his now-dismissed claim against Sheriff Turman. The second amended complaint also will undergo screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. If it states potential claims for relief, an Order regarding service of process will be entered. The second amended complaint

Plaintiff is expressly CAUTIONED that a failure to comply with the terms of this Memorandum Opinion and Order will result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 4th day of November, 2026.

/s/ W. Keith Watkins

UNITED STATES DISTRICT JUDGE